Timothy B. DeSieno
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

-and-

Sabin Willett
Julia Frost-Davies
Christopher L. Carter
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
(617) 951-8000

*Counsel to Red Pines LLC, Trinity Investments Limited, Procella Holdings, L.P., Yellow Crane Holdings, L.L.C., Honero Fund I, LLC, ARAG-T Limited, ARAG-V Limited, ARAG-O Limited and ARAG-A Limited*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Red Pines LLC, Trinity Investments Limited, Procella Holdings, L.P., Yellow Crane Holdings, L.L.C., Honero Fund I, LLC, ARAG-T Limited, ARAG-V Limited, ARAG-O Limited and ARAG-A Limited, | : : : : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : | 14-09427 |
| The Republic of Argentina, | : : | |
| Defendant. | | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs Trinity Investments Limited, Procella Holdings, L.P., Yellow Crane

Holdings, L.L.C., Red Pines LLC, Honero Fund I, LLC, ARAG-T Limited, ARAG-V Limited, ARAG-O Limited, and ARAG-A Limited submit this Memorandum of Law in Support of their Motion for Leave to Amend Complaint in this action to add claims for declaratory and injunctive relief and to amend allegations regarding current holdings of the Plaintiffs.[1]  The new claims concern the Republic of Argentina's (the "Republic") issuance of bonds bearing ISIN ARARGE03H413 (the "BONAR 2024 Bonds") and the Republic's other existing and future obligations for borrowed money or evidenced by bonds, debentures, notes or other similar instruments (so-called "External Indebtedness").  The proposed Amended Complaint adds counts seeking (i) declaratory judgment that the BONAR 2024 Bonds are External Indebtedness within the meaning of the note instruments governing the defaulted notes issued by the Republic that are the subject of this action, and (ii) specific performance of the Republic's obligations under the so-called "Equal Treatment" provision in the note instruments by preliminarily and permanently enjoining the Republic from making payments of interest and/or principal on the BONAR 2024 Bonds and other External Indebtedness unless a ratable payment is made in respect of the Plaintiffs' defaulted notes.

## FACTS

The Plaintiffs hold notes issued by the Republic pursuant to note instruments that contain equal treatment provisions requiring equal rank and priority with respect to the Republic's payment obligations.  *See* Amended Complaint.  The notes are in default.  *See* Amended Complaint.

In 2005 and 2010, the Republic restructured some of its defaulted debt through

---

[1] The proposed amended complaint (the "Amended Complaint") is attached as Exhibit A to the accompanying Declaration of Timothy B. DeSieno in Support of Plaintiffs' Motion for Leave to Amend Complaint.

bond exchanges that offered investors a fraction of the amounts they were owed while threatening, through legislative acts and public statements, never to make payments on the Untendered Bonds.  On November 14, 2014, the Plaintiffs filed their Complaint in this proceeding.  On January 20, 2015, the Republic filed its answer to the Complaint.

Upon information and belief, over the last twelve months, the Republic has issued more than $5.3 billion worth of BONAR 2024 Bonds.  While the case has been pending, it has become clear that the Republic is offering these bonds outside of the Republic.

In April 2015, the Republic issued BONAR 2024 Bonds to international investors located outside of the Republic.

Upon information and belief, after the Complaint was filed the Republic made payments on the BONAR 2024 Bonds and plans to issue more "External Indebtedness" (as defined in the relevant debt instruments) and to make payments on these new bonds in violation of the Equal Treatment provisions.

**ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure provides the "court should freely give leave [to amend a pleading] when justice so requires."  In *Foman v. Davis*, the Supreme Court explained the rule's purpose and application:

> [T]his mandate is to be heeded. . . .  If the underlying facts or circumstances relief upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962) (internal citation omitted).

Leave to amend the Complaint to add two additional requests for relief is warranted here: (1) for specific enforcement of the equal treatment provisions and for injunctive relief with respect to the BONAR 2024 Bonds, and (2) for specific enforcement of the equal treatment provisions and for injunctive relief with respect to all of the Republic's External Indebtedness. This new material is the "proper subject of relief." The Second Circuit affirmed this Court's determination that the Republic's payments on the Exchange Bonds breached similarly worded equal treatment provisions. *See NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 260 (2d Cir. 2012). The Republic's BONAR 2024 Bonds, and its other External Indebtedness, also are subject to the Equal Treatment provisions, and the Republic can present no reason why it should be allowed to issue more of these bonds and make payments on these bonds without making a ratable payment under Plaintiffs' notes.

No grounds to deny leave to amend exist here. The Second Circuit has indicated that the relevant prejudice in the context of amendments is "whether the . . . new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In this case, discovery has not commenced, and no motions are pending. There has been no bad faith or dilatory motive on Plaintiffs' part, no failure to cure deficiencies by amendment and no undue delay or prejudice. The Republic is well aware of Plaintiffs' rights under the Equal Treatment provision as they are closely-related and similar to the rights of the plaintiffs involved in NML's pre-judgment actions.

Amendment is also warranted to avoid administrative burden on the Court. In an amended action, the Court can address the merits of the dispute with the Republic without the administrative burden of coordinating additional separate actions. *See Topps Co. v. Cadbury*

*Stani S.A.I.C.*, 2002 WL 31014833, at *2-3 (S.D.N.Y. Sept. 10, 2002) ("[T]here will be a loss of judicial economy if Topps is required to initiate a second action . . . .").

There has been no undue delay in bringing this motion. Plaintiffs only recently become aware of the scope of the non-domestic sales of the Republic's BONAR 2024 Bonds, the facts surrounding the investors involved, and the payments being made on the BONAR 2024 Bonds. The Republic has indicated that it intends to continue to issue more External Indebtedness -- including the BONAR 2024 Bonds -- and that it will continue to make payments on those bonds without making payments to the Plaintiffs as required by the Equal Treatment provisions.[2] It is therefore in the interest of justice and efficiency to permit Plaintiffs to amend their Complaint in response to the Republic's recent actions, and to seek specific performance of the Republic's obligations under the Equal Treatment provisions with respect to the BONAR 2024 Bonds and any other External Indebtedness issued by Argentina.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Leave to Amend the Complaint in this action.

---

[2] The proposed amended complaint concerns issues substantially similar to the issues raised by NML Capital, Ltd. in its Motion for Leave to Amend and Supplement Complaints, in the related case of *NML Capital v. Republic of Argentina*, Case No. 08-6978. *See id.* (May 12, 2015) [Dkt. No. 781].

Dated: May 22, 2015
New York, New York

/s/ Timothy B. DeSieno
Timothy B. DeSieno (TD-4316)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

-and-

Sabin Willett
Julia Frost-Davies
Christopher L. Carter
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
(617) 951-8000

Counsel to Plaintiffs